Ríos, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Mortgage with a Curable Defect.

No. 267.—Decided April 5, 1916.

MORTGAGE—NOTE—SECURITY—CURABLE DEFECT—RECORD OF TITLE.—The law does not require that for the purpose of recording a voluntary mortgage a prom-

issory note copied therein shall state that the said obligation is secured by the mortgage, and such omission is not a curable defect. For greater clarity, however, it would be well in such cases for the same notary who attested the mortgage deed to insert a note to this effect at the foot of the instrument secured.

The facts are stated in the opinion.

Mr. *Andrés Mena* for the appellant.

The respondent appeared *pro se.*

Mr. Justice del Toro delivered the opinion of the court.

On February 2, 1916, Juan Ríos Oyola appeared before a notary public and executed a voluntary mortgage from which it appears that, being the owner of a certain house in Caguas, which is described, and having signed the note which we transcribe below, Ríos Oyola decided to and did secure the same by creating the said voluntary mortgage on the said house. The obligation secured reads as follows:

"I promise to pay to the order of the endorsee of this note in this city on July 31, 1916, the sum of $143, value received in cash from the said endorsee to my satisfaction. In case of default, this obligation shall bear interest at the rate of 1 per cent monthly. I also agree to pay the sum of $100 for costs, expenses and attorney fees of the payee in case of suit.

"Caguas, P. R., February 2, 1916.

(Signed)          "Juan Ríos Oyola.

"Affidavit No. 716. The foregoing was signed before me by Juan Ríos Oyola, of age, widower, property owner and resident of this city, whom I know personally, in Caguas, Porto Rico, this second day of February, 1916.

(Signed)          "Andrés Mena,
                     "*Notary Public.*

"(Canceled 25-cent internal-revenue stamp and notarial seal.)"

The document having been presented in the Registry of Property of Caguas, it was recorded but "with the curable defect that the promissory note copied into this deed does not state that the said obligation is secured by a mortgage on the said property."

Contending that no such defect existed, Ríos Oyola took the present administrative appeal.

In our opinion the appellant is right. The law does not so require and it was natural that when the promissory note was transcribed into the deed it should contain no reference to the creation of the mortgage, inasmuch as the promissory note was executed prior to the mortgage. See Act No. 33 of 1912 amending article 153 of the Mortgage Law in connection with article 531 of the Code of Commerce.

For greater lucidity it would be better in cases of this kind if the same notary before whom the mortgage deed is executed should insert a note to this effect at the foot of the instrument whose payment it secured.

For the foregoing reasons the appeal should be sustained and it is held that the defect assigned by the registrar does not exist.

*Sustained.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.